IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD TAYLOR,                                No. CIV S-08-2505-GEB-CMK-P

        Plaintiff,

   vs.                                                          FINDINGS AND RECOMMENDATIONS

EDMOND G. BROWN, JR., et al.,

        Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff names the following as defendants: California Attorney General Edmund G. Brown, Chief Assistant Attorney General Dane R. Gillette, Senior Assistant Attorney General Michael P. Farrell, and Deputy Attorney General Brian G. Smiley. Plaintiff claims that defendants "went into my medical records without my permission or okay, and filed an opposition the court's Eastern District, a misconduct on their part." Plaintiff references a habeas corpus action pending in this court captioned Taylor v. Dickinson, CIV-S-07-2253-WBS-EFB-P. He attaches to the current civil rights complaint a copy of a document entitled "Motion to Dismiss Respondents' Filings of Reply & Motions," filed in the habeas action on August 21, 2008. In that filing, plaintiff challenges respondents' statement at page 2, lines 24 and 25 of their reply brief in support of their motion to dismiss the habeas case that ". . . [plaintiff/petitioner] stubbornly refused to take medication his physician prescribed to improve his condition." Plaintiff asserts in this civil right case that the information contained in the reply brief was improperly obtained from his confidential medical files.

Plaintiff's claim is frivolous. In their reply brief in case no. CIV-S-07-2253-WBS-EFB-P, respondents state: "The medical records attached by Petitioner for July 26, 2006, indicate that psychotropic medication was prescribed, but that Petitioner refused the medication." See Doc. 22, p. 6, ll. 19-21, case no. CIV-S-07-2253-WBS-EFB-P (emphasis added). A review of plaintiff's filings in the habeas case reflects that respondents are correct. See Doc. 18, p. 13, case no. CIV-S-07-2253-WBS-EFB-P. Contrary to plaintiff's assertion that respondents

improperly obtained this medical information, plaintiff voluntarily provided it as an exhibit attached to his opposition to respondents' motion to dismiss.

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 25, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE